UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHY JONES,<br><br>        Plaintiff,<br><br>    v.<br><br>WYNDHAM VACATION OWNERSHIP, INC., et al.,<br><br>        Defendants. | Case No. 21-cv-02061-DMR<br><br>**ORDER ON MOTION TO REMAND**<br><br>Re: Dkt. No. 10 |

Plaintiff Cathy Jones filed this case on January 4, 2021, in the San Francisco County Superior Court. [Docket No. 1-1, Ex. A, Complaint ("Compl.").] Defendants removed the action to this court on March 24, 2021 [Docket No. 1, Notice of Removal ("NOR").] Plaintiff now moves to remand the case to state court. [Docket Nos. 10, Motion to Remand ("Mot."); 15, Reply.] Defendants oppose. [Docket No. 14, Opposition ("Opp.").] This motion is suitable for determination without oral argument pursuant to Civil Local Rule 7-1(b).

For the reasons stated below, the motion is granted.

**I.    BACKGROUND**

The following facts are alleged in the complaint. Beginning on April 30, 2018, Plaintiff worked as a nonexempt employee for Defendants Wyndham Vacation Ownership, Inc., Wyndham Destinations, Inc., and Wyndham Worldwide Corp. (the "Corporate Defendants"). Compl. ¶ 1. She worked first as a tour guide and then as a sales associate for Defendants, and her duties in both positions related to selling timeshares. *Id.* Plaintiff's direct supervisor was Yunlong Zhang, aka Steven Zhang, who reported to Defendant Jason Cooksey, a Vice President of the Corporate Defendants. *Id.* Plaintiff initially named Zhang as a defendant in this case but voluntarily dismissed him before Defendants removed the action to this court. *See* Docket No. 1-1, Ex. C.

Relevant to this motion, Plaintiff alleges that Defendants failed to provide her with meal and rest breaks in violation of California law. *See* Compl. ¶¶ 1-11; *see also* Cal. Labor Code §§ 512, 1198, 1199, 226.7. Plaintiff further alleges that Cooksey is a "managing agent" of the Corporate Defendants and "violated or caused to be violated the meal and rest break requirements in [Labor Code] § 226.7," which makes him personally liable for those violations. *Id.* ¶ 8. She also alleges a claim against Cooksey under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*, which is premised on the meal and rest break claim. *See id.* ¶¶ 12-15. Plaintiff's remaining claims are brought only against the Corporate Defendants.

Plaintiff and Cooksey are citizens of California, while the Corporate Defendants are citizens of Delaware, Oregon, and Florida. *See* NOR at 4. In their notice of removal, Defendants assert that Cooksey has been "fraudulently joined to this Action for the sole purpose of attempting to create a forum defendant in order to defeat diversity-of-citizenship removal, making him a 'sham' defendant" and that the court should therefore exercise diversity jurisdiction over this case. *Id.* Plaintiff moves to remand the case to state court on the basis that Cooksey was not fraudulently joined and therefore there is no diversity of citizenship.

## II.   LEGAL STANDARD FOR MOTIONS TO REMAND

Federal district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and there is complete diversity of citizenship between the parties. *See* 28 U.S.C. § 1332(a); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) (complete diversity required to exercise jurisdiction under section 1332). A civil action brought in state court over which the federal district courts have original jurisdiction may be removed to the federal district court for the district in which the action is pending. *See* 28 U.S.C. § 1441(a). The removing defendant bears the burden of establishing that removal was proper. *United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 763 (9th Cir. 2002). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (stating that the removal statute is "strictly construe[d]" and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of

removal in the first instance.").

## III.     DISCUSSION

Removal based on diversity jurisdiction is "proper despite the presence of a non-diverse defendant where that defendant is a fraudulently joined or sham defendant." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) ("[F]raudulently joined defendants will not defeat removal on diversity grounds."). In this Circuit, "a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Padilla*, 697 F. Supp. 2d at 1158; *see Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42 (5th Cir. 1992) ("We do not decide whether the plaintiff will actually or even probably prevail on the merits, but look only for a possibility that he may do so."). A court may look beyond the pleadings to decide whether the joinder of the non-diverse defendant is fraudulent. *See McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) ("The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent."); *Ritchey*, 139 F.3d at 1318 ("[A] defendant must have the opportunity to show that the individuals joined in the action cannot be liable on any theory."). However, the removing party bears a heavy burden to prove that there is no possibility of recovery against the non-diverse defendant. *Lim v. Am. Gen. Life Ins. Co.*, 380 F. Supp. 3d 955, 958 (N.D. Cal. 2018).

Plaintiff argues that Defendants have not met their burden to show that removal is proper. She points to Labor Code § 558.1, which provides that "an owner, director, officer, or managing agent of the employer" may be held liable for certain violations of the Labor Code, including section 226.7. The complaint alleges that Cooksey was a managing agent for the Corporate Defendants and therefore liable for the section 226.7 violations. *See* Compl. ¶ 8. Defendants respond that there is "undisputable" evidence that Cooksey is not a managing agent because "he has never had the discretion or authority to set corporate policy or make substantive decisions that had the effect of creating corporate policy." Opp. at 2. Further, according to Defendants, "the undisputed evidence conclusively shows that [Cooksey] never violated or caused to be violated

3

California's meal and rest break law with respect to Plaintiff." *Id.*

The term "managing agent" in section 558.1 includes "only those corporate employees who exercise substantial independent authority and judgment in their corporate decisionmaking so that their decisions ultimately determine corporate policy."[1] *White v. Ultramar, Inc.*, 21 Cal. 4th 563, 566–67 (1999). Accordingly, "a managing agent [is] more than a mere supervisory employee." *Id.* at 573. Crucially, "[t]he scope of a corporate employee's discretion and authority under [the managing agent] test is . . . a question of fact for decision on a case-by-case basis." *Id.* at 567. Cooksey submitted a declaration in support of the opposition, in which he testifies that "it has always been the policy of the Wyndham Defendants to follow applicable law" and that he has never had the authority to deviate from company policy. [Docket No. 14-1, Declaration of Jason Cooksey ("Cooksey Decl.") ¶¶ 5-6.] He also avers that he did not create Plaintiff's work, break, or tour schedule or direct anyone to create those schedules. *Id.* ¶ 7. He states that he does not and never has known when Plaintiff's tours and breaks were scheduled. *Id.* On reply, Plaintiff also submitted a declaration. [Docket No. 15-1, Declaration of Cathy Jones ("Jones Decl.").] She asserts that because of how her tours were scheduled, she generally did not have the opportunity to take an uninterrupted 30-minute lunch break on the days she worked more than five hours. *Id.* ¶ 4. Plaintiff states that the tour schedules were created by Defendants' marketing team, which allegedly told her that Cooksey required them to schedule "lots of tours." *Id.* ¶ 5. According to Plaintiff, Cooksey either knew that the tour schedules did not allow meal and rest breaks or should have known, given that he attended sales meetings that discussed the tours and had previously worked as a sales representative himself. *Id.* ¶¶ 5-6.

"[C]ourts must resolve all issues of fact and all ambiguities of law in favor of the non-moving party when deciding whether there has been a fraudulently joined party in a given case." *Lim*, 380 F. Supp. 3d at 957. Here, the parties submitted competing declarations that directly contradict each other as to whether Cooksey "exercise[d] substantial independent authority and

---

[1] *White* interpreted the term "managing agent" in the context of Cal. Civil Code § 3294 but the term in section 558.1(b) is defined identically. *See* Cal. Labor Code § 558.1(b) ("[T]he term 'managing agent' has the same meaning as in subdivision (b) of Section 3294 of the Civil Code.").

4

judgment in [his] corporate decisionmaking" sufficient to make him a managing agent for the purposes of section 558.1. There are also disputed facts about whether Cooksey caused the Labor Code violations at issue (which is required to find personal liability against a managing agent under section 558.1), including whether and to what extent Cooksey had control over setting Plaintiff's tour schedule and whether he knew that the tour schedule did not permit legally compliant meal and rest breaks. Defendants' assertions that the relevant facts are "undisputed" and "undisputable" are therefore not compelling.

Defendants' authorities are also distinguishable. They cite *Morris v. Princess Cruises, Inc.* for the proposition that the court may consider evidence, including declarations, in deciding a motion to remand with a fraudulent joinder issue. *See* 236 F.3d 1061 (9th Cir. 2001). In *Morris*, however, the plaintiff admitted in her own declaration that she did not have an actionable claim against the forum defendant. *Id.* at 1068. In this case, nothing indicates that Plaintiff's claim against Cooksey is baseless. Other cases cited by Defendants were not decided on a motion to remand. *See Hines v. Constellis Integrated Risk Mgmt. Servs.*, 2020 WL 5764400, at *7 (C.D. Cal. Sept. 25, 2020) (granting a motion to dismiss a claim brought under section 558.1 on the basis that the plaintiff failed to adequately allege that the defendant was a managing agent); *Taylor v. Trees, Inc.*, 58 F. Supp. 3d 1092, 1105 (E.D. Cal. 2014) (granting summary judgment on a section 558.1 claim because the undisputed evidence did not show that a supervising employee was a managing agent). While *Nguyen v. Ericsson, Inc.* comes closest to supporting Defendants' position, the plaintiff in that case did not submit admissible evidence in support of his motion to remand and the allegations in the complaint on their own were not sufficient to establish that the defendant had "substantial discretionary authority." No. 17-cv-06453-EJD, 2018 WL 2836076, at *3 (N.D. Cal. June 11, 2018). Here, by contrast, Jones submitted a declaration testifying that Cooksey had authority over Defendants' tour scheduling policy, knew about the meal and rest break violations, and did not do anything to address the violations. *See* Jones Decl. ¶¶ 5-6. The court cannot say that these assertions, if proven, have no possibility of creating liability against Cooksey as a managing agent. *See Padilla*, 697 F. Supp. 2d at 1158.

By contrast, courts have granted motions to remand on more conclusory allegations and evidence than exists in this case. In a similar case, a plaintiff alleged violations of the California

5

Labor Code and the UCL, as well as a claim for conversion, against his former corporate employers and one individual defendant. *McClain v. PQ Beverly Hills, Inc.*, 2017 WL 1250978 (C.D. Cal. Jan. 13, 2017). Only the individual defendant was not diverse. The defendants removed the case, asserting that joinder of the individual defendant was fraudulent because the plaintiff had not alleged any specific facts about the individual defendant's conduct, including that person's working relationship to the plaintiff and his involvement with the plaintiff's wages. *Id.* at *5. The court rejected that argument. Noting the "strong presumption against removal jurisdiction," it determined that it was sufficient for the plaintiff to allege his claims against the defendants collectively instead of "specifying the actions of each particular defendant." *Id.* It therefore held that the defendants had not met their "heavy burden of proving no possibility exists that plaintiff can prevail on the merits" against the non-diverse defendant.[2] *Id.* In this case, Plaintiff alleges that Defendants collectively committed wage and hour violations and specifically that Cooksey is a managing agent who caused violations of California's meal and rest break laws. Compl. ¶ 8. She also submitted a declaration laying out detailed facts about Cooksey's involvement with her tour schedule and wages. The allegations and evidence supporting Plaintiff's claim against Cooksey are therefore more robust than what the *McClain* court found sufficient to support remand. Construing the disputed facts in favor of Plaintiff, the court holds that Defendants have not met their heavy burden of proving fraudulent joinder.

Defendants also argue that Plaintiff only joined Cooksey in order to defeat diversity jurisdiction, which is evidenced by the fact that Plaintiff's counsel offered to dismiss Cooksey if Defendants agreed to not remove the case to federal court. Opp. at 3; *see* Docket No. 14, Declaration of Donald Sullivan, Ex. A. Defendants argue that the court should not tolerate such "jurisdictional gamesmanship." Opp. at 3. This argument is not compelling. "Fraudulent joinder

---

[2] Defendants distinguish *McClain* on the basis that the plaintiff in that case presented "sufficient factual allegations" that the non-diverse defendant "exercised substantial discretionary authority with respect to corporate affairs." Opp. at 9. This representation is misleading. *McClain* does not detail *any* allegations about the individual defendant's "discretionary authority" or in fact any specific allegations about him at all.

Defendants also argue that *McClain* involved other claims against the non-diverse defendant, including conversion, that did not rely on whether he was a managing agent as defined in Labor Code § 558.1. This argument is not convincing since that court also ruled in favor of the plaintiff on the other grounds explained above.

is a term of art" that does not necessarily connote an intent to deceive. *See McCabe*, 811 F.2d at 1339; *see also Tomback v. UnumProvident Corp.*, No. 05-cv-3157-CW, 2005 WL 2596449, at *5 (N.D. Cal. Oct. 13, 2005) ("[T]he phrase 'fraudulent joinder' is something of a misnomer. . . . [it] is merely the rubric applied when a court finds either that no cause of action is stated against the nondiverse Defendant, or in fact no cause of action exists." (citation and quotation omitted)). Instead, the plaintiff's intention in joining a defendant is irrelevant to the question of whether the joinder is fraudulent. *See Albi v. St. & Smith Publications*, 140 F.2d 310, 312 (9th Cir. 1944) ("[T]t is universally thought that the motive for joining [a forum] defendant is immaterial."). "It is only where the plaintiff has not, in fact, a cause of action against the resident defendant, and has no reasonable ground for supposing he has, and yet joins him in order to evade the jurisdiction of the federal court, that the joinder can be said to be fraudulent, entitling the real defendant to a removal." *Id.* As explained above, Plaintiff has a reasonable ground for bringing a claim against Cooksey. Thus, her intention in joining him, on its own, is not sufficient to establish fraudulent joinder.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's motion to remand is granted. The Clerk shall remand this matter to the San Francisco County Superior Court and close the case.

**IT IS SO ORDERED.**

Dated: July 26, 2021



Donna M. Ryu
United States Magistrate Judge